UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Maurice Shaundell Hope, | ) | Civil Action No.:  6:14-cv-03571-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Maurice Shaundell Hope, a state prisoner proceeding pro se, initiated this action by

filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* Petition, ECF No. 1.

Respondent Warden Cartledge filed a motion for summary judgment, as well as a return and supporting

memorandum.  *See* ECF Nos. 15 & 16.  Petitioner filed a response in opposition to Respondent's

motion for summary judgment.  *See* ECF No. 23.  The matter is now before the Court for review of the

Report and Recommendation (R & R) of United States Magistrate Judge Kevin F. McDonald.[1]  *See* R

& R, ECF No. 26.  The Magistrate Judge recommends the Court grant Respondent's motion for

summary judgment and deny Petitioner's petition.  R & R at 17.  Petitioner filed timely objections to

the R & R.  *See* Pet.'s Objs., ECF No. 28.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R and grants

Respondent's motion, but also grants Petitioner a certificate of appealability.

## **Background**

Petitioner proceeded to a trial in state court on charges of kidnapping, armed robbery,

conspiracy to commit armed robbery, and possession of a firearm during the commission of a violent

---

[1]     This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
73.02(B)(2)(c) for the District of South Carolina.

crime.  Petition at 1; ECF Nos. 15-1, 15-2, & 15-3.  The State's theory at trial was that Petitioner and two accomplices robbed a Bi-Lo grocery store at approximately 7:00 A.M. on New Year's Day: Petitioner and one accomplice entered the store wearing ski masks and demanded money from the store manager and bookkeeper at gunpoint, while the other accomplice remained outside as the getaway driver.  ECF No. 15-1 at 39-45, 47-122.  Petitioner presented an alibi defense, calling himself, his wife, and four other witnesses who testified he was at home during the time of the alleged robbery.  ECF No. 15-1 at 45-47; ECF No. 15-2 at 3-117.

The jury found Petitioner guilty as indicted, and the trial court sentenced him to an aggregate term of thirty years' imprisonment.  ECF No. 15-3 at 39-40, 45-46.  After the South Carolina Court of Appeals dismissed Petitioner's direct appeal pursuant to *Anders*,[2] Petitioner filed an application for post-conviction relief (PCR) alleging, among other grounds, that his trial counsel was ineffective for failing to request an alibi jury instruction.  ECF No. 15-3 at 49, 54, 103, 107; ECF No. 15-7 at 2-3.  The state PCR court held an evidentiary hearing and denied Petitioner's application, finding (1) trial counsel "may have been ineffective for failing to ensure that an alibi instruction was given to the jury"; but (2) Petitioner did not show prejudice from the lack of an alibi charge.  *Id.* at 107-110.  Petitioner sought a writ of certiorari, and his appellate counsel filed a *Johnson*[3] petition raising the alibi instruction issue.  ECF No. 15-10 at 3, 7-9.  The South Carolina Supreme Court denied certiorari and remitted the case.  ECF Nos. 15-13 & 15-14.  Petitioner then filed his § 2254 habeas petition.

In his § 2254 petition, Petitioner raised a single ground for relief: that his trial counsel was ineffective for failing to request a jury instruction on the law of alibi.  Petition at 5; ECF No. 1-1 at 2-5.

---

[2]    *Anders v. California*, 386 U.S. 738 (1967).

[3]    *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988) (providing the procedures for filing meritless appeals in PCR cases pursuant to *Anders*).

Respondent agreed Petitioner exhausted his state remedies for this ground as required by 28 U.S.C. § 2254(b)(1)(A), and that the ground was ripe for adjudication in federal court.  ECF No. 15 at 16-17.

### Standard of Review

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### Discussion

### I.    Habeas Standard

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 governs review of his claims.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998).  Under the AEDPA,

3

federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision "deference and latitude that are not in operation when the case" is being considered on direct review. *Harrington*, 562 U.S. at 101. Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories

4

supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

## II.    *Strickland* Test for Ineffective Assistance of Counsel

Claims of ineffective assistance of trial counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show trial counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. In cases brought under § 2254, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, . . . § 2254(d)(1) requires a habeas petitioner to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." *James v. Harrison*, 389 F.3d 450, 457 (4th Cir. 2004) (internal quotation marks and citations omitted). The United States Supreme Court has "made clear that the unreasonable application prong of § 2254(d)(1) permits a federal habeas court to

grant the writ if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of [the] petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (internal quotation marks omitted).

## III.    The Magistrate Judge's R & R and Petitioner's Objections

The Magistrate Judge recommends the Court grant Respondent's motion for summary judgment. R & R at 17.   In the R & R, the Magistrate Judge considered Petitioner's claim that he is entitled to habeas relief because his trial counsel  was ineffective for failing to request an alibi jury instruction. *Id.* at 12-16.   After reviewing the record in great detail, the Magistrate Judge concluded Petitioner cannot demonstrate that the state PCR court's decision rejecting Petitioner's ineffective assistance claim was contrary to or unreasonable under clearly established federal law, or that the PCR court made objectively unreasonable factual findings. *Id.*   Petitioner lists seven objections to the Magistrate Judge's R & R.  Pet.'s Objs. at 3-11.

### A.    Petitioner's Third, Fifth, and Seventh Objections

Petitioner argues in his third objection that the Magistrate Judge erred in applying *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to the fact that PCR counsel did not subpoena a purported alibi witness (one Tara Retzer) to testify at the PCR hearing.  Pet.'s Objs. at 6-8.  In *Martinez*, the United States Supreme Court addressed the issue of "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." 132 S. Ct. at 1315.  The Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.  The Court overrules Petitioner's objection for two reasons.  First, the Magistrate Judge

does not apply, discuss, or cite *Martinez* in the R & R.  Second, for the first time in his objections,

Petitioner seeks to raise two new claims—regarding (1) the alleged ineffectiveness of his trial counsel

for failing to call an alibi witness to testify at trial and (2) the alleged ineffectiveness of his PCR

counsel for failing to present the alibi witness's testimony at the PCR hearing—that he did not raise in

his habeas petition.  Petitioner never sought to amend his habeas petition,[4] and the Court need not

consider claims raised by Petitioner for the first time in his objections to the R & R.  *See United States*

*v. Humphreys*, 194 F.3d 1306, 1306 (4th Cir. 1999) (rejecting the appellant's argument "that the district

court abused its discretion when it refused to consider an ineffective assistance of counsel claim [the

petitioner] raised for the first time in his objections to the magistrate judge's recommendation"); *Kelley*

*v. Bollinger*, No. 8:12-CV-03008-JMC, 2013 WL 4460155, at *2 (D.S.C. Aug. 15, 2013) (declining

to address a new ground upon which the petitioner sought habeas relief because the ground—an

ineffective assistance claim—was raised for the first time in the petitioner's objections to the

magistrate's R & R (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992))).

Accordingly, the Court overrules Petitioner's third objection.

In his fifth objection, Petitioner contends the Magistrate Judge erred in discussing *Williams v.*

*Florida*, 399 U.S. 78 (1970), and *Boseman v. Bazzle*, 364 F. App'x 796 (4th Cir. 2010), to evaluate

Petitioner's claim that trial counsel was ineffective for failing to request an alibi instruction.  Pet.'s

---

[4]        Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to habeas petitions.  *See Mayle v.*
*Felix*, 545 U.S. 644, 654 (2005) (stating "habeas applications 'may be amended . . . as provided in the rules of
procedure applicable to civil actions,'" and noting Rule 15 governs amendments to habeas petitions (omission in
original) (quoting 28 U.S.C. § 2242)).  Leave to amend a pleading should be denied only when the amendment would
be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment
would be futile.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).  To permit Petitioner to amend
his petition at this late date to add additional claims would subject Respondent to undue prejudice.

Objs. at 8-9. The Magistrate Judge cited *Williams* and *Boseman* in support of the proposition that neither the Supreme Court nor the Fourth Circuit has held that the failure to file a notice of alibi defense constitutes ineffective assistance of counsel. R & R at 14-15. The Magistrate Judge's logic appears to be that if the failure to file a notice of alibi defense has not been recognized as ineffective assistance by the Supreme Court, then by extension, the failure to request an alibi charge does not warrant habeas relief. *Id.* It is clear that the Magistrate Judge was simply applying § 2254(d), which requires a federal court to deny habeas relief unless the state court's decision was "was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court*." 28 U.S.C. § 2254(d) (emphasis added). The Court agrees; the Supreme Court has never held that the failure to request an alibi charge constitutes ineffective assistance of counsel, so the PCR court's rejection of this claim cannot be said to be contrary to or an unreasonable application of clearly established *federal* law. *See generally Epps v. Bazzle*, No. CIVA 907-CV-3113-RBH, 2008 WL 2563151, at *9 (D.S.C. June 23, 2008) ("A state court adjudication is contrary to clearly established federal law only if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. If the United States Supreme Court has never addressed the claim presented to the state court, then, the state court decision cannot be said to have unreasonabl[y] appli[ed] clearly established Federal law [under § 2254(d)(1).]" (alterations in original) (internal quotation marks and citation omitted)). The Court overrules Petitioner's fifth objection.

In his seventh objection, Petitioner argues the Magistrate Judge failed to make a specific factual finding as to how Respondent is entitled to summary judgment. Pet.'s Objs. at 10-11. The Court rejects Petitioner's argument. The eighteen-page R & R contains detailed factual findings and legal

8

conclusions indicating summary judgment for Respondent is appropriate. *See* R & R at 1-9, 12-16. The Court summarily overrules Petitioner's seventh objection.

### B.    Petitioner's First, Second, Fourth, and Sixth Objections

In his first and fourth objections, Petitioner argues the Magistrate Judge erred by adopting the PCR court's finding that Petitioner suffered no prejudice from trial counsel's failure to request an alibi jury instruction. Pet.'s Objs. at 3-4. Petitioner contends the Magistrate Judge should have "ma[d]e an independent federal finding regarding" the *Strickland* prejudice prong. *Id.* at 4, 8. The Court notes that, contrary to Petitioner's argument, the Magistrate Judge's task was not to engage in independent fact-finding but was to determine whether the PCR court's factual findings constituted an objectively unreasonable application of *Strickland* in light of the evidence presented at the PCR hearing. *See* 28 U.S.C. § 2254(d); *James*, 389 F.3d at 457. The Court has reviewed the R & R and finds the Magistrate Judge performed the proper analysis required by § 2254(d) and reached the correct result. Accordingly, the Court overrules Petitioner's first and fourth objections.

In his second objection, Petitioner argues the Magistrate Judge erred by adopting the PCR court's application of *Ford v. State*, 314 S.C. 245, 248, 442 S.E.2d 604, 606 (1994) (holding that although counsel was deficient for declining an alibi instruction, the PCR applicant suffered no prejudice in light of the overwhelming evidence of his guilt). Pet.'s Objs. at 4-6. The Magistrate Judge found the PCR court's conclusion—that no prejudice occurred as a result of counsel's failure to request an alibi charge—was not unreasonable, especially in light of the PCR court's reliance on *Ford*. R & R at 13-14. The Court notes *Ford*, a state decision that concerns the same issue raised by Petitioner in his habeas petition, cites *Strickland* and incorporates the appropriate federal constitutional standard for an ineffective assistance of counsel claim. *See Ford*, 314 S.C. at 247, 442 S.E.2d at 606 ("To establish

a claim of ineffective assistance of counsel, petitioner must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional error, there is a reasonable probability that the result of the trial would have been different."). Moreover, on habeas review, the Court considers only whether the PCR court's conclusion was contrary to or an unreasonable application of clearly established *federal* law as interpreted by the United States Supreme Court, not the South Carolina Supreme Court. *See* 28 U.S.C. § 2254(d). Because *Ford* adheres to the *Strickland* test, the Court finds Petitioner has not shown the PCR court's reliance on *Ford* to be improper. The Court therefore overrules Petitioner's second objection.

Petitioner argues in his sixth objection that the Magistrate overlooked the prejudicial impact that the solicitor's closing argument at trial had on his alibi defense. Pet.'s Objs. at 9-10. Petitioner claims the solicitor "vigorously attacked" the alibi witnesses that Petitioner called at trial, and thereby heightened the prejudice that Petitioner suffered as a result of not having an alibi instruction. *Id.* at 9. As noted by the Magistrate Judge and the PCR court, trial counsel zealously advocated the defense's alibi theory in his closing argument, and the trial court charged the jury that the State had to prove Petitioner's guilt beyond a reasonable doubt for each of his charges and that it had the sole duty to assess the witnesses' credibility. R & R at 6, 13; ECF No. 15-3 at 9-10, 24, 26-32, 107-09. In the context of the trial record as a whole, including the evidence and the overall jury instructions, the Court believes there is no reasonable probability that the lack of an alibi instruction, even when considered in conjunction with the solicitor's closing argument, altered the result of Petitioner's trial. *See Strickland*, 466 U.S. at 688, 694 (stating that to show prejudice, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). As noted by the Magistrate Judge, the evidence against Petitioner

10

included incriminating testimony from Petitioner's two codefendants and a videotape depicting a robber matching Petitioner's physical build; trial counsel called alibi witnesses in Petitioner's defense and advocated the alibi defense during closing argument; and the jury charge as a whole informed jurors that they had to find Petitioner guilty beyond a reasonable doubt and assess the credibility of the witnesses. R & R at 12-14. These aspects of Petitioner's trial negated any prejudice resulting from the lack of an alibi instruction. Therefore, the PCR court's finding of no prejudice was neither contrary to nor an unreasonable application of *Strickland*, and the finding was based on a reasonable determination of the facts presented in the state court proceeding. The Court overrules Petitioner's sixth objection.

Notwithstanding the disposition of Petitioner's first, second, fourth, and sixth objections, the Court finds reasonable jurists might debate the Court's conclusion that Petitioner suffered no prejudice from the lack of a jury instruction on the law of alibi. The question becomes whether the state courts applied the *Strickland* prejudice prong "to the facts of his case in an objectively unreasonable manner." *James*, 389 F.3d at 457. The Court, out of an abundance of caution, grants a certificate of appealability on the issue of whether trial counsel was ineffective for failing to request an alibi charge. The reasons for granting a certificate are set forth below.

### 1.    Applicable Law

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a habeas prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). "[A] substantial showing of the denial

11

of a constitutional right . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted).

As summarized above, the *Strickland* prejudice prong requires a habeas petitioner to prove "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In a situation where counsel was deficient for not requesting a particular jury instruction, this deficiency "may constitute ineffective assistance of counsel warranting collateral relief when [the defendant] inadvertently loses [his] only defense which had a strong likelihood of success." *Millender v. Adams*, 187 F. Supp. 2d 852, 874 (E.D. Mich. 2002), *aff'd*, 376 F.3d 520 (6th Cir. 2004). "However, failure to request additional instructions is not ineffective assistance when the evidence, the general instruction given, and counsel's closing argument, including his examples and stress on common sense, put the issue squarely before the jury." *Id.*

### 2.    The PCR Court's Findings

In its order denying Petitioner relief, the PCR court found that although trial counsel may have been deficient for not requesting an alibi charge, Petitioner did not prove he was prejudiced by counsel's error.[5] ECF No. 15-3 at 107. The PCR court found no prejudice based on the following facts:

---

[5]    By denying certiorari, *see* ECF No. 15-13, the South Carolina Supreme Court let stand the PCR court's findings. *See generally* Rule 242, SCACR (containing the procedures that the South Carolina Supreme Court utilizes to review PCR court decisions). Moreover, given that Petitioner filed a petition for certiorari with the South Carolina Supreme Court pursuant to *Johnson v. State*, *supra*, it is presumed the South Carolina Supreme Court reviewed the entire record. *See Jamison v. State*, 410 S.C. 456, 466, 765 S.E.2d 123, 128 (2014) (stating "a petition filed pursuant to *Johnson v. State* is the post-conviction relief equivalent of a direct appeal filed pursuant to *Anders v. California*," and "[u]nder the *Anders* procedure, an appellate court is required to review the entire record, including the complete trial transcript" (alteration in original)); *Bustos v. White*, 521 F.3d 321, 322 n.1 (4th Cir. 2008) ("*Johnson* provides that [appellate PCR] counsel must follow the procedures outlined in *Anders v. California* . . . to withdraw in a

12

(1) the trial court's charge as a whole sufficiently informed the jury that the State had to prove Petitioner's guilt beyond a reasonable doubt and that the jury had the duty to assess the witnesses' credibility; (2) trial counsel presented alibi testimony to the jury; and (3) both the State and trial counsel discussed Petitioner's alibi defense during closing arguments. *Id.* at 105, 107-110. The PCR court reached this conclusion by relying on two decisions from the South Carolina Supreme Court: *Ford*, *supra*, and *Gibbs v. State*, 403 S.C. 484, 744 S.E.2d 170 (2013). *Id.* at 109-10. The Court finds it necessary to distinguish the facts and holdings of *Ford* and *Gibbs* from those of Petitioner's case.

### 3.    *Ford* and *Gibbs*

In *Ford*, the South Carolina Supreme Court held that although the petitioner's trial counsel was deficient for declining the trial court's offer of an alibi charge, the petitioner failed to demonstrate *Strickland* prejudice because the State presented overwhelming evidence of guilt at trial. 314 S.C. at 247-48, 442 S.E.2d at 605-06. The *Ford* court found the following evidence—in a trial for kidnapping, conspiracy, and first-degree criminal sexual conduct—constituted overwhelming proof that the petitioner was guilty: (1) "Ford's DNA matched the genetic systems extracted from the semen found on the victim's clothing"; (2) "Ford's blood type matched the perpetrator's"; (3) "Ford and [an accomplice] were overheard planning the assault"; and (4) the accomplice "was in possession of a wallet containing Ford's identification immediately after the assault." *Id.* at 248, 442 S.E.2d at 606.

In *Gibbs*, a 3-2 decision, the South Carolina Supreme Court affirmed the PCR court's finding that the petitioner was not prejudiced by his attorney's failure to request an alibi instruction. 403 S.C. at 491, 495, 744 S.E.2d at 174, 176. The *Gibbs* court found no *Strickland* prejudice because the trial

---

meritless appeal of a PCR denial."). In its order denying certiorari on Petitioner's appeal of the PCR court's order, the South Carolina Supreme Court stated, "After *careful consideration of the entire record* as required by *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), we deny the petition and grant counsel's request to withdraw." ECF No. 15-13 (emphasis added).

court's "jury charge requir[ed] the State to prove identity beyond a reasonable doubt." *Id.* at 496, 744 S.E.2d at 176. Central to this holding was the fact that the trial court gave the jury a lengthy identification charge that provided specific guidelines for assessing the accuracy and believability of identification testimony, an instruction that contained many of the same essential principles as a standard alibi instruction.[6] *See id.* Chief Justice Toal, joined by Justice Beatty, dissented from the majority's opinion, reasoning prejudice was inescapable because (1) the evidence at trial necessitated an alibi charge and (2) the State did not present overwhelming evidence of the defendant's guilt. *Id.*

---

[6]     In *Gibbs*, the trial court gave the following identification charge:

> Now, at issue in this case is the identification of the Defendant as the person who committed the crimes charged. The State has the burden of proving identity beyond a reasonable doubt. You must be satisfied beyond a reasonable doubt of the accuracy of the identification of the Defendant before you may convict the Defendant. . . . You must determine the accuracy of the identification of the Defendant. You must consider the believability of each identification witness in the same way as you do any other witness. . . . Once, again, I instruct you the burden of proof is on—the burden of proof is on the State and extends to every element of the crime and this specifically includes the burden of proving beyond a reasonable doubt the identity of the Defendant as the person who committed the crimes. If after examining the testimony you have a reasonable doubt as to the accuracy of the identification you must find the Defendant not guilty.

403 S.C. at 495, 744 S.E.2d at 176.

A comparison of the identification charge given in *Gibbs* with a standard pattern alibi instruction reveals the complementary elements of the two charges, as the following sample alibi instruction indicates:

> The defendant in this case has raised a defense of alibi. That means the defendant was not at the scene of the crime at the time it was committed, but was elsewhere and had nothing to do with it. The word "alibi" means "elsewhere."
>
> There is no burden upon the defendant to prove that he was not at the scene of the crime. There is no burden upon the defendant to prove his alibi. The defendant need not prove he was somewhere else.
>
> The burden is on the State to prove beyond a reasonable doubt that the defendant was present at the scene of the crime, actually participated in the crime, and was not somewhere else. Thus, the State has the burden of proving beyond a reasonable doubt that the defendant was present and committed the crime. The State has the burden of disproving the defendant's alibi defense.

Anderson, S.C. Requests to Charge - Criminal § 6-19 (2012).

14

at 496, 744 S.E.2d at 176 (Toal, C.J., dissenting).  Chief Justice Toal opined that "claims of ineffectiveness based on the failure to request an alibi instruction have been and should continue to be evaluated on a case-by-case basis under an objective standard of reasonableness." *Id.* at 497, 744 S.E.2d at 177.  She would have found prejudice because the identity evidence at trial was conflicting, police found only one piece of physical evidence linking the defendant to the crime (and even that piece of evidence did not conclusively place the defendant at the crime scene), and the State's closing argument undermined the defendant's alibi defense. *Id.* at 498-99, 744 S.E.2d at 177-78.  Chief Justice Toal emphasized an alibi charge, as explained in *Roseboro v. State*, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995), and *Riddle v. State*, 308 S.C. 361, 364, 418 S.E.2d 308, 310 (1992), was necessary to eliminate any possibility that the State's closing argument suggested the defendant bore the burden to prove his innocence.  *Gibbs*, 403 S.C. at 498-99, 744 S.E.2d at 177-78.

### 4.    Habeas Relief Is Debatable Under Section 2254(d)

The PCR court found *Ford* "supports the notion that even where counsel is ineffective for failing to ensure an alibi charge is given, there is a lack of the required prejudice if there is not a reasonable probability that the outcome of trial would have been different had an alibi charge been given."  ECF No. 15-3 at 109.  The PCR court found *Ford* on point because as in that decision, Petitioner's case involved "both direct and circumstantial" evidence. *Id.* (citing *Ford*).  Regarding *Gibbs*, the PCR court found that case "similar" and "on point" with Petitioner's because, as in *Gibbs*, the jury charge in Petitioner's trial "clearly required the State to prove its case beyond a reasonable doubt." *Id.* at 109-110.

Arguably there is a possibility that the PCR court's finding of no prejudice, exacerbated by its mistaken comparison of the facts of Petitioner's case to those of *Ford* and *Gibbs*, may constitute an

15

unreasonable application of the *Strickland* prejudice prong to the facts of Petitioner's case.

First, unlike the facts of *Ford* and contrary to the PCR court's finding, the evidence against Petitioner arguably may not be reasonably characterized as overwhelming. Aside from the testimony of the two alleged accomplices who had pled guilty in exchange for their testimony against Petitioner, the State's entire case rested wholly upon circumstantial evidence consisting of a videotape depicting, and testimony describing, the physical build and ethnicity of one of the robbers alleged to be Petitioner. *Compare* ECF No. 15-1 at 103-22 (testimony of the alleged coconspirators Corey Spruell and Jarrod Heath), *with id.* at 48-103 (admission of the videotape and testimony from a police detective, a grocery store customer, and three grocery store employees), *and* ECF No. 15-3 at 85-86 (description of the contents of the videotape).[7]  South Carolina case law is clear that accomplice testimony has limited probative value in conducting a prejudice inquiry, *see State v. Henson*, 407 S.C. 154, 167, 754 S.E.2d 508, 515 (2014) (performing a harmless error analysis and noting two coconspirators' testimony could not be considered overwhelming evidence of the defendant's guilt because the coconspirators "both faced charges for their participation in the crimes and thus, had an incentive to downplay their involvement and shift blame onto others"), and that circumstantial evidence alone does not constitute overwhelming evidence of guilt.  *See Edmond v. State*, 341 S.C. 340, 349, 534 S.E.2d 682, 687 (2000) (concluding "evidence of [the] petitioner's guilt was not overwhelming as the State's entire case was built on circumstantial evidence"); *State v. Jackson*, 410 S.C. 584, 608, 765 S.E.2d 841, 854 (Ct. App. 2014) (determining "purely circumstantial" evidence did not constitute overwhelming evidence of

---

[7]    Although the State played a videotape of the robbery for the jury, the videotape did not conclusively identify Petitioner as one of the two robbers, given that the robbers were wearing ski masks.  *See* ECF No. 15-1 at 77, 88, 96 (testimony regarding ski masks); ECF No. 15-1 at 53-54 (admission of the videotape into evidence); ECF No. 15-3 at 85-86 (trial counsel's PCR testimony describing the contents of the tape).  As trial counsel highlighted in his testimony at the PCR hearing, "there was no[body]" at the grocery store (aside from Spruell and Heath) who could identify Petitioner as one of the robbers.  ECF No. 15-3 at 86.

guilt).  Thus, it is arguable that it may have been unreasonable for the PCR court[8] to find the evidence

of Petitioner's guilt was overwhelming.  *See* ECF No. 15-3 at 109.

Second, unlike the facts of *Gibbs*, the jury charge in Petitioner's case did not include a

identification charge or other special instruction advising the jury of the essential elements of the law

of alibi.  It is true the trial court instructed the jury that the State had to prove Petitioner's guilt beyond

a reasonable doubt and that the jury had the duty to assess the witnesses' credibility.  ECF No. 15-3 at

24-34.  However, these boilerplate jury charges are given in virtually every criminal case, and they

alone did not apprise the jury of the sole defense—alibi—upon which Petitioner sought acquittal.  *See*

*Millender*, 187 F. Supp. 2d at 874 ("Failure to request jury instructions for which there is an evidentiary

basis may constitute ineffective assistance of counsel warranting collateral relief when this failure

inadvertently loses the defendant's only defense which had a strong likelihood of success.").  Petitioner

presented alibi testimony from himself, his wife, and four acquaintances, *see* ECF No. 15-2 at 3-117,

and while this testimony may have questionable credibility, Petitioner nonetheless presented a defense

upon which he was entitled to an alibi charge under state criminal law.  Equally problematic is the fact

that, after trial counsel summarized Petitioner's defense during closing argument, the State presented

a closing argument attacking the credibility of Petitioner and his alibi witnesses.  ECF No. 15-3 at 9-10,

13, 17-18.  The solicitor characterized the defense witnesses as follows:

> [W]hen a group of folk [*sic*] gets together to cook up an alibi, it is so
> hard to keep to the script and there always seems to be one that, bless
> his heart, just can't keep to the script and there was one here.  Even
> though they were all here in the room the whole time listening to
> each other, it's hard to keep to the script.
>
> . . . .

[8]    The conclusion reached by the PCR court was further implicitly made by the state supreme court in its
review of the entire record and denial of certiorari.  *See* Footnote 5, *supra*.

> Think about that interesting cast of characters that got up here, that
> group, that family I want to call them, that lived in the trailer, and
> almost like robots: He was here; I had my eyes on him every second;
> he left never [*sic*] my sight; he couldn't have left the dogs would have
> barked; we went to bed at 6:30, he came in at 12:15, just like nice
> little robots. Interesting group there. An interesting family. I don't
> know what makes a family like that, I don't think any of us will ever
> know, but you evaluate their testimony against each other and against
> Mr. Hope's testimony about his comings and goings. . . . Think
> about what they said, think about how long . . . they had lived there,
> how long they'd known Maurice Hope.

*Id.* at 13, 17-18. Given this closing argument, the Court has concern that the PCR court based its no

prejudice finding, in part, on the premise that the State discussed Petitioner's alibi defense during

closing arguments. *Id.* at 105, 107-110. The reality is that the State discredited Petitioner's alibi

defense during closing argument. An alibi instruction "would have corrected any impression

[P]etitioner bore any burden of proof at trial." *Roseboro*, 317 S.C. at 294-95, 454 S.E.2d at 313-14

(finding *Strickland* prejudice resulted from trial counsel's failure to request an alibi charge, primarily

because of "[t]he [s]olicitor's disparagement of [the] petitioner's alibi");[9] *see also Riddle*, 308 S.C. at

363-64, 418 S.E.2d at 309-10 (same).

The Court further points out Chief Justice Toal's dissent in *Gibbs* underscores the problems

inherent in the PCR court's order. *See* 403 S.C. at 497, 744 S.E.2d at 177 (emphasizing "claims of

ineffectiveness based on the failure to request an alibi instruction have been and should continue to be

evaluated on a case-by-case basis under an objective standard of reasonableness"). Rather than

conducting a *Strickland* prejudice analysis based on the specific facts of Petitioner's case, the PCR

court drew tenuous inferences from *Ford* and *Gibbs*, which involved facts readily distinguishable from

those of Petitioner's case. The "case-by-case basis" articulated in the *Gibbs* dissent is consistent with

---

[9]       The PCR court cited *Roseboro* in its order but declined to account for the holding in *Roseboro*—the
prejudicial effect that the State's closing argument had on Petitioner's alibi defense. *See* ECF No. 15-3 at 109.

the dogmatic principle that federal habeas review under sections 2254(d)(1) and (d)(2) is "generally confined to the record that was before the state PCR court." *Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011). Mindful of its doubly deferential standard of review, the Court believes it can be considered a "close call" as to whether the state courts' decisions (those being the PCR court's order denying relief and the South Carolina Supreme Court's order denying certiorari) involved an unreasonable application of the *Strickland* prejudice prong.

The Court adheres to the well-established principle that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and it recognizes the "doubly-deferential standard of review accorded the state courts' determination of this issue of ineffective assistance of counsel under *Harrington*." *Gibbs v. Stevenson*, No. CIV.A. 1:13-3382-TMC, 2015 WL 4172175, at *9 (D.S.C. July 10, 2015) (finding the South Carolina Supreme Court in *Gibbs v. State*, *supra*, did not misapply clearly established federal law or make an unreasonable factual determination). The Court emphasizes that it is in no way examining whether the PCR court, or the South Carolina Supreme Court in its *Johnson* review of the PCR court's order, misinterpreted or misapplied South Carolina state law. Rather, the Court is concerned with whether the PCR court unreasonably applied the *Strickland* prejudice prong *based on the particular facts and circumstances of Petitioner's case*. Significantly, the PCR court reached its no prejudice conclusion by relying on South Carolina cases, namely *Ford* and *Gibbs*, that involve state-court determinations on a question of federal constitutional law—*Strickland* prejudice. *See Estelle*, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). The factual parallels drawn by the PCR court from *Ford* and *Gibbs* may be found unreasonable in light of the facts and issues presented

19

at Petitioner's trial.

### 5.     Summary

Although the Court continues to be of the opinion that Petitioner was not prejudiced (i.e., that there is not a reasonable probability the result of his trial would have been different) by the lack of an alibi instruction, it is reluctant to conclude that reasonable jurists would not find its assessment of the claim debatable or wrong.  The Court concludes the issue deserves further review sufficient to warrant a certificate of appealability under 28 U.S.C. § 2253(c)(2).  Accordingly, the Court certifies the following issue for appeal: was Petitioner's trial counsel ineffective for failing to request a jury charge on the law of alibi, and more specifically, did Petitioner show *Strickland* prejudice resulting from the lack of an alibi instruction?

### Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and the applicable law.  The Court has conducted a de novo review of the portions of the R & R to which Petitioner specifically objects, and it finds no merit in his objections. For the reasons stated in the Court's order and the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 26].  **IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [ECF No. 16] is **GRANTED** and that Petitioner's petition for a writ of habeas corpus [ECF No. 1] is **DISMISSED WITH PREJUDICE.**

**IT IS, HOWEVER, ORDERED** that a certificate of appealability is **GRANTED** as to the issue of whether trial counsel was ineffective for failing to request an alibi charge.

**IT IS SO ORDERED.**

20

Florence, SC                                              s/ R. Bryan Harwell
August 3, 2015                                            R. Bryan Harwell
                                                         United States District Judge